# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
No. 10-442V
### Filed: February 24, 2014

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| JEFFREY ALBERT DEMCHUK, | * | UNPUBLISHED |
| | * | |
| | * | Special Master Dorsey |
| Petitioner, | * | |
| | * | Trivalent Influenza (Flu) Vaccine; |
| v. | * | Guillain-Barre Syndrome (GBS); |
| | * | Chronic Inflammatory |
| | * | Demyclinating Polyneuropathy |
| SECRETARY OF HEALTH | * | (CIDP); Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Reasonable Amount |
| | * | Requested to Which Respondent |
| Respondent. | * | Does Not Object. |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Diana L. Stadelnikas Sedar</u>, Maglio Christopher and Toale, PA, Sarasota, FL, for petitioner.
<u>Lisa Ann Watts</u>, U.S. Department of Justice, Washington, D.C., for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On July 8, 2010, Jeffrey Albert Demchuk (petitioner) filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that he sustained he sustained Guillain-Barre Syndrome ("GBS") and/or Chronic Inflammatory Demyclinating Polyneuropathy ("CIDP") as a result of a trivalent influenza ("flu") vaccine he received on or about September 26, 2009. On December 13, 2013, a

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

decision awarding compensation to petitioner based on the parties' stipulation was entered.

On February 21, 2014, petitioner filed a stipulation in which the parties stipulate to an award to petitioner of attorneys' fees and costs in the amount of $34,300.00.   In accordance with General Order #9, petitioner's counsel represents that petitioner has not incurred any out-of-pocket expenses in pursuing his petition.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300 aa-15(e).  Based on the reasonableness of the parties' stipulation, the undersigned **GRANTS** the request for approval and payment of attorneys' fees and costs.

Accordingly, an award should be made as follows:

> **A lump sum of $34,300.00, in the form of a check jointly payable to petitioner and to Ms. Diana L. Stadelnikas Sedar of the law firm of Maglio Christopher & Toale, P.A.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.